# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SUSAN BENSON, ) | CASE NO. 4:04 CV 2566 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE PETER C. ECONOMUS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | MEMORANDUM OPINION AND |
| Respondent. ) | ORDER |

This matter is before the Court upon Petitioner's *pro se* motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. (Dkt. #1). Also before the Court are the Government's Response Brief (Dkt. #6) and Petitioner's Reply Brief (captioned as a "supplement to 2255"). (Dkt. #7). For the reasons set forth below, Petitioner's motion is **DENIED.**

## BACKGROUND

On January 9, 2004, this Court sentenced Petitioner Susan Benson to a term of 78 months imprisonment, a three year term of supervised release, and ordered Petitioner to pay restitution. Following a partially successful appeal to the Sixth Circuit Court of Appeals, this Court again sentenced Petitioner to 78 months imprisonment. At both sentencing hearings, this Court applied several sentencing enhancements in accordance with the Federal Sentencing Guidelines.

1

On November 23, 2004, Petitioner filed the instant § 2255 motion asserting that these sentencing enhancements, based on facts not determined by a jury beyond a reasonable doubt, are unconstitutional. The sole issue before this Court is whether the United States Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), elaborating on the Supreme Court's prior decision in Blakely v. Washington, 542 U.S. 296 (2004), can be applied retroactively to cases under collateral review.

## ANALYSIS

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the United States Supreme Court held that any fact that increases the penalty for a crime above the statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proven beyond a reasonable doubt. Apprendi, 530 U.S. at 476. In 2004, after Petitioner's conviction became final, the Supreme Court expanded its holding in Apprendi and found that a defendant's Sixth Amendment right to a trial by jury was violated by a state sentencing system that allowed a judge to apply factors to enhance a defendant's sentence above the sentencing guideline maximum without those enhancement factors being proven to a jury beyond a reasonable doubt. Blakely, 124 S. Ct. at 2537-39. The Supreme Court invalidated the state of Washington's sentencing system after finding that the trial court erred in sentencing a defendant to a term of imprisonment greater than the statutory maximum of the standard range under state law. Id. at 2543. The Blakely Court, however, declined to apply its holding to the United States Sentencing Guidelines. See, e.g., United States v. Koch, 383 F.3d 436 (6th Cir. 2004) (en banc).

Subsequently, the Supreme Court extended the reasoning of Apprendi and Blakely to

2

the United States Sentencing Guidelines in United States v. Booker, 125 S. Ct. 738, 755-56 (2005). In Booker, the Court held that the Sixth Amendment as construed in Blakely applied to the Federal Sentencing guidelines and, thus, any fact that increases a defendant's sentence must be presented to a jury and proved beyond a reasonable doubt. See Booker, 125 S. Ct. at 155. The impact of the Booker decision is that the sentencing guidelines are no longer mandatory. However, the Supreme Court left open the question of whether Booker should be applied retroactively to criminal convictions that were finalized prior to Booker but that are being attacked on collateral review.

This question was answered by the Sixth Circuit in Humphress v. United States, 398 F.3d 855 (6th Cir. 2005). In Humphress, the Sixth Circuit, after noting the general rule that "federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal," determined that Booker does not apply retroactively to cases on collateral review because Booker announced a new rule of criminal procedure. See Id. at 860-863 (analyzing fully the non-retroactivity of Booker in the context of 2255 petitions). Other circuits have agreed with this position. See, e.g., McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Guzman v. U.S., 404 F.3d 139 (2nd Cir. 2005); United States v. Price, 400 F.3d 844, 845 (10th Cir.2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005) (per curiam ). Because a claim of error under Blakely and Booker cannot be raised in a petition on collateral review where the underlying conviction became final prior to the Blakely and Booker decisions, Petitioner's § 2255 motion must be denied.

## **CONCLUSION**

For the reasons stated above, Petitioner's § 2255 motion to vacate, set aside, or correct sentence by a person in federal custody is **DENIED** and no hearing on the merits is warranted. Accordingly, this action is **DISMISSED**.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c);   Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

        **/s/ Peter C. Economus - July 14, 2005**
        **PETER C. ECONOMUS**
        **UNITED STATES DISTRICT JUDGE**